UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 1:12-cr-102 |
| v. | ) | |
| | ) | Judge Mattice |
| PATRICK J. WINTERS | ) | Magistrate Judge Lee |

### ORDER

On November 20, 2012, Defendant Patrick J. Winters' filed his Motion to Suppress (Doc. 22), which was referred to Magistrate Judge Susan K. Lee (Doc. 24). Magistrate Judge Lee held an evidentiary hearing on Defendant's Motion to Suppress and issued her Report and Recommendation (Doc. 30) ("R&R"), in which she recommended that Defendant's Motion be denied. Defendant timely filed objections to Magistrate Judge Lee's R&R (Doc. 31), and the Government has now responded to his objections (Doc. 33).

The Court has now reviewed the entire record pertinent to the instant objections, and for the reasons described below, the Court will **OVERRULE** Defendant's Objections to the R&R, will **ACCEPT and ADOPT** Magistrate Judge Lee's R&R, and will **DENY** Defendant's Motion to Suppress.

### I.     STANDARD OF REVIEW

The Court must conduct a *de novo* review of those portions of the Report and Recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C). The Court may also receive further evidence or recommit the matter to the magistrate judge with instructions. *Id.*

## II. FACTS

Magistrate Judge Lee held an evidentiary hearing on Defendant's Motion to Suppress on December 21, 2012. The only individuals to testify at that hearing were Chattanooga Police Officer Jason Duggan and Defendant's cousin, Robin Winters, who was driving the rental car at the time of the disputed traffic stop. (Doc. 29; Doc. 34 at 10-124). In her R&R, Magistrate Judge Lee recounted at some length the facts developed at the evidentiary hearing, and noted that "the events themselves . . . are largely undisputed." (Doc. 30 at 1-9.)

Defendant has not objected to the basic facts as outlined in Magistrate Judge Lee's R&R. Instead, Defendant's objections focus on Magistrate Judge Lee's findings and the legal conclusions as they relate to those facts, specifically, her findings that (1) the initial stop of the vehicle was completed at 12:24 a.m. and was not unreasonably extended from 12:17 a.m.; (2) the stop was reasonably prolonged from 12:24 a.m. because the officer had reasonable articulable suspicion of criminal activity; and (3) the drug-detection dog that was used was properly trained and reliable. (Doc. 31).

After reviewing the record, and finding the facts to be consistent with Judge Lee's R&R, the Court **ADOPTS BY REFERENCE** the facts as set out in Magistrate Judge Lee's R&R. (Doc. 30 at 1-9). The Court will refer to the facts only as necessary to analyze the issues raised on objection.

## III. ANALYSIS

In his objections to Magistrate Judge Lee's R&R, Defendant reiterates the arguments initially raised in his Memorandum in support of his Motion to Suppress, namely: (1) the traffic stop was completed as of 12:17 a.m. when Officer Duggan had completed most of the warning ticket; (2) Officer Duggan unreasonably prolonged the

traffic stop for the purpose of performing a dog sniff on the vehicle; (3) Officer Duggan did not have reasonable articulable suspicion to continue the stop; and (4) the drug sniffing dog that was used was not sufficiently trained or reliable. (Doc. 31; *see* Doc. 23).

Magistrate Judge Lee concluded that, although the speeding violation that prompted the initial stop had been addressed by 12:17 a.m., the stop itself was not completed by that time, as the warning ticket had not yet been completed or signed. Magistrate Judge Lee went on to find that, although Officer Duggan extended the not-yet-completed stop by engaging Defendant in conversation from 12:17 a.m. to 12:22 a.m., the extension was not unreasonable, as the Officer was acting diligently, asking context-framing questions, and did not measurably prolong the traffic stop until its completion at 12:24 a.m.

Based on the Court's independent review of the record, the Court agrees with Magistrate Judge Lee's finding that the stop was not completed by 12:17 a.m.: Officer Duggan had not yet issued the warning to the driver, but he had not abandoned the traffic stop at that time, as evidenced by the fact that he completed the warning and obtained the driver's signature at 12:24 a.m. The Court also agrees with Magistrate Judge Lee's finding that the stop was not unreasonably extended in scope or duration. Officer Duggan was diligent in his investigation: his additional questioning lasted only a few minutes and consisted primarily of context-framing questions regarding the occupants' travel plans and other related matters. *See, e.g.*, *United States v. Cochrane*, 702 F.3d 334, 340-41 (6th Cir. 2012) ("During a valid traffic stop, police officers may ask extraneous questions unrelated to the purposes of the stop, so long as those inquiries do not measurably extend the duration of the stop."); *United States v. Everett*, 601 F.3d 484, 494-495 (6th Cir. 2010) (noting that, in considering the reasonableness of a stop

the reviewing court should consider "whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly."). Accordingly Defendant's objection to these findings will be overruled.

Next, Magistrate Judge Lee found that, although it was "a close call," reasonable articulable suspicion existed to allow Duggan to extend the stop after its completion in order to deploy the readily-available drug-detection dog, considering the totality of the circumstances and allowing Officer Duggan to draw on his experience. Specifically, Magistrate Judge Lee found that although the suspicious and unusual behavior and mannerisms exhibited by both Defendant and the driver of the vehicle during the stop, the fact that neither occupant of the vehicle was listed as an authorized driver on the rental agreement, and the conflicting information from the occupants regarding the duration of the trip may be "weak" indicators of criminal activity individually, cumulatively presented Duggan with reasonable articulable suspicion that criminal activity may have been afoot.

The Court's *de novo* review results in the same conclusion reached by Magistrate Judge Lee. While no one factor present in the instant case is, in and of itself, a reliable indicator of criminal activity, when viewed *in toto* and through the lens of the officer's "experience and specialized training," the totality of the circumstances presented Officer Duggan with reasonable articulable suspicion that criminal activity was afoot. *See, e.g.*, *United States v. Shank*, 543 F.3d 309, 315 (6th Cir. 2008); *United States v. Chapple*, 2010 WL 2817188, at *4-5 (E.D. Mich. July 16, 2010); *United States v. Fofana*, 2008 WL 474164, at *2-3 (E.D. Tenn. Feb. 20, 2008). Defendant's objection to these findings will accordingly be overruled.

Finally, Magistrate Judge Lee found that Officer Duggan had probable cause to search the vehicle for drugs based on the alert from a properly-certified drug detection dog. Magistrate Judge Lee expressly found that Officer Duggan's testimony was credible as to the dog's training and certification and the fact that the dog's waning health did not impact his drug-detection performance. Although he objects generally to Magistrate Judge Lee's conclusion that the dog was properly trained and reliable, Defendant did not object to the credibility of Duggan's testimony. Nor did Defendant's objections address Magistrate Judge Lee's alternate ground for finding that the search was based on probable cause – specifically, that Defendant admitted during the dog's search that he had thrown marijuana into the grass. Defendant's objection to these findings will also be overruled.

## IV. CONCLUSION

For the reasons explained above, the Court **ORDERS** the following: (1) Defendant's Objections (Doc. 31) are **OVERRULED**; (2) Magistrate Judge Lee's R&R (Doc. 30) is **ACCEPTED and ADOPTED**; and (3) Defendant's Motion to Suppress (Doc. 22) is **DENIED**.

**SO ORDERED** this 10th day of April, 2013.

                                             */s/ Harry S. Mattice, Jr.*
                                             HARRY S. MATTICE, JR.
                                             UNITED STATES DISTRICT JUDGE